HEINDEL, Respondent, vs. WISCONSIN TRACTION, LIGHT,
HEAT & POWER COMPANY, Appellant.

*December 3, 1918—April 29, 1919.*

*Damages: Personal injuries: Jury's award, when reduced: Discretion: Excessive damages.*

1. If, in an action for personal injuries, there was competent credible evidence which supports the jury's award of damages and is not overcome by evidence, facts, or circumstances which clearly show that less damages were sustained, the award must stand, especially where the trial court is satisfied that the jury was an intelligent and impartial one and acted without bias or prejudice, and has approved the award. Such an exercise of the discretion of the trial court will not be disturbed on appeal except for a manifest abuse of discretion.

2. This court declines in this case to disturb an award of $5,500, approved by the trial court, for injuries to a healthy girl of twenty-one years, who was at the time employed in domestic service, such injuries having resulted in traumatic neurosis which will either be permanent or will last a number of years, causing disability and much pain and suffering, and entailing large expenditures, both past and future, for doctor's bills, hospital expenses, etc.

APPEAL from a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries sustained in a collision between two of defendant's cars. Plaintiff, a young girl twenty-one years of age, claimed that by reason of the shock and fright suffered in the collision her nervous system has been permanently injured, and there is medical testimony to sustain her claim. The defendant contends that she will fully recover in a short time, and doctors sustained that contention by testimony given upon the trial. The jury returned a general verdict in favor of plaintiff and assessed her damages at $5,500. From a judgment entered accordingly defendant appealed.

*Lawrence A. Olwell* of Milwaukee, for the appellant.

For the respondent there was a brief by *Ryan, Cary & Frank* of Appleton, and oral argument by *Julius P. Frank.*

Vinje, J.    Upon the record in this case as first presented this court was of the opinion that the trial court had not passed upon defendant's motion to reduce the damages, and the record was returned with directions to the trial court to pass upon and decide the motion to reduce the damages found by the jury.    This the trial court has now done by an order denying the motion.    That leaves the whole case for a determination of all the questions raised by the appeal.    The defendant has assigned a number of errors relating to the reception of testimony over its objection and to errors in the charge to the jury.    None of these are well taken and none seem of sufficient importance to require treatment in an opinion.    It is also claimed that the damages assessed by the jury should be reduced.    This is the most serious question in the case and one not free from doubt.    The jury dispensed damages with a liberal hand, and this court would have been better satisfied had a smaller sum been awarded.    But that is not the test.    If there is competent credible evidence in the case which will support the award and which is not overcome by evidence, facts, or circumstances which clearly show that less damages were sustained the award must stand, especially so where, as here, the trial court is satisfied that the jury was an intelligent and impartial one and acted without bias or prejudice, and has approved the award.    The discretion of the trial court exercised in a matter of this kind will not be disturbed unless it is manifest there has been a judicial abuse of such discretion.    We cannot say that there has been such abuse in this case.

The substance of the evidence tending to sustain the award is as follows:  Plaintiff is suffering from traumatic neurosis and her injury is either permanent or will last a number of years.    At the time she was injured, May 13, 1917, she was earning $5 per week, with board and lodging, as a domestic servant, and was and had been healthy and weighed 140 pounds.    At the time of the trial in January, 1918, she

weighed only 117½ pounds. She had suffered severe pain in her spine most of the time since her injury and such pain continued at the time of the trial, and was aggravated by mental effort such as reading and by physical effort. She had been unable to do any remunerative physical work, and at the time of the trial could walk only in a slow, halting, hesitating manner and with apparent great effort. She slept poorly and would often be awake for long periods, especially in the early part of the night. Up to the time of the trial she had expended over $600 in doctor's bills, hospital expenses, and medicine, and the evidence showed she would have future expenses of a like kind as well as for board and lodging, besides the loss of wages. In view of this evidence, which the jury had a right to believe, and in view of the trial court's approval of the award, we do not feel justified in reducing it.

*By the Court.*—Judgment affirmed.